UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **SHELBY WEBB COX,** | * | CIVIL ACTION NO. |
| **Plaintiff.** | * | |
| | * | |
| v. | * | JUDGE |
| | * | |
| **MIGNON FAGET, LTD.,** | * | |
| **Defendant.** | * | MAGISTRATE |
| | * | |
| | * | **JURY DEMAND** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes SHELBY WEBB COX, formerly known as SHELBY WEBB, ("Plaintiff") , who shows as follows:

### I.     Nature of Case

The Plaintiff brings this action against her former employer, MIGNON FAGET, LTD. ("Defendant" / "Employer"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*/, as amended, ("Title VII"), the Pregnancy Discrimination Act ("PDA") 42 U.S.C. § 2000(e)(k), and for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. In addition, Plaintiff also asserts a claim for retaliatory and discriminatory discharge under the Louisiana Employment Discrimination Laws ("LEDL"), La. R.S. 23:341-342.

### II.     Parties

1.     Plaintiff, at all times relevant to this action, resided within the geographical boundaries of the Eastern District of Louisiana.

2.     Defendant is a domestic corporation domiciled in New Orleans, Louisiana.

### III. Jurisdiction

3. Federal question subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117. Supplemental jurisdiction over the state-law claim is conferred on the Court by 28 U.S.C. § 1367(a).

4. Plaintiff held an employment relationship with Defendant.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 2611(4).

6. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies and, having timely filed Charge No. 461-2023-3037 with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and receiving the Notice of Suit Rights, brings this original action within ninety (90) days of her receipt thereof.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Eastern District of Louisiana; thus, venue is proper in this Court.

### IV. Factual Allegations

9. Defendant, Mignon Faget, LTD, the eponymous company of jewelry designer Mignon Faget, creates and sells women's jewelry inspired by south Louisiana cultural images and symbols.

10. Though formed in 1969 on the crest of the second wave of feminism that made women-owned businesses possible, the working environment at Defendant is surprisingly not mom-friendly, as this case well illustrates.

11. In 2023, just prior to the roll-out of Defendant's Mother's Day marketing of its "Matriarch Must-Haves" for the "Queen of the Castle," "Head of the Home," and "Pretty Little Mom," mom-to-be and Defendant web manager Plaintiff inquired about taking maternity leave. Instead of leave, Plaintiff was handed the practical effect of a pink slip.

12. Plaintiff, a female, was hired by Defendant in October 2017, as a Sales Professional. Due to her exemplary performance in sales, Plaintiff was selected for promotion to Gallery Manager effective January 1, 2019, then to Web Manager in September 2021. She served as Web Manager until the termination of her employment on February 16, 2023.

13. Throughout her employment, Plaintiff met and/or exceeded Defendant's legitimate performance expectations.

14. In October 2022, Plaintiff informed her supervisor, the Retail Director, that she was pregnant and inquired about the Defendant's leave policies.

15. The Retail Director responded that "the first thing they [upper management] will want to know is if you plan on returning to work."

16. Plaintiff assured the Retail Director that she fully intended to return to work following leave.

17. In December 2022, and again in January 2023, Plaintiff received praise for her work during the holiday season.

18. On Thursday, February 9, 2023, Plaintiff sent an email to the Retail Director informing her of the dates she anticipated she would need leave for childbirth and recovery. Plaintiff again inquired about Family Medical Leave ("FMLA") and requested FMLA forms.

19. Plaintiff was told that her request for FMLA forms would be forwarded to the Defendant's bookkeeper. However, no one ever provided Plaintiff with the FMLA request forms.

20. Exactly one week later, on Thursday, February 16, 2023, the Retail Director and the Chief Financial Officer ("CFO") came to Plaintiff's office to inform her that her employment was terminated, effective immediately. The CFO offered her two weeks' pay if she would sign a severance agreement that released Defendant of all claims, including claims for sex discrimination, pregnancy discrimination, and violations of the Family Medical Leave Act.

21. About to be a new mom, and facing unemployment, Plaintiff declined severance and retained legal counsel.

22. By letter dated March 3, 2023, Plaintiff, through counsel, sent written notice to the Defendant pursuant to La. R.S. 23: 303 (C) to inform the Defendant of her complaints of discrimination and to offer the Defendant opportunity to engage in a good faith effort to resolve the complaints before Plaintiff pursued further remedies.

23. Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 461-2023-3037.

24. The EEOC has since closed its investigation and issued to Plaintiff the Notice of the Right to Sue.

25. Since her termination, Defendant has alleged that it terminated Plaintiff's employment because it wanted to "go in a different direction." Another articulated reason was alleged dissatisfaction with inventory levels during the 2022 holiday season. However, these reasons are pretextual.

26. The Defendant's employee handbook states that an employee at risk of being terminated for unsatisfactory job performance will first receive written notice, followed by a probationary period in which the employee is expected to course correct.

27. Plaintiff's job performance reviews were always favorable. She was not given written notice of unsatisfactory job performance, nor was she ever placed on probation.

28. The alternative reason, that the employer wanted "to go in a different direction," is simply another way of saying that the employer did not want to grant maternity/FMLA leave.

29. Plaintiff was terminated due to her pregnancy, her sex, and/or in violation of her rights as protected under federal law. Furthermore, Defendant's termination of Plaintiff violated Plaintiff's rights under Louisiana law. Similarly-situated non-pregnant have been treated more favorably with regard to the terms and conditions of their employment as compared with Plaintiff.

30. Defendant's actions have been intentional, willful, and taken in reckless disregard for Plaintiff's rights.

31. Plaintiff has been economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.

## V.    Legal Causes of Action

### COUNT I - PREGNANCY DISCRIMINATION

32. Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint herein.

33. Defendant terminated Plaintiff because of her pregnancy.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's legally protected rights.

35. Defendant's unlawful actions were deliberate, intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII and the PDA, as amended.

36. Plaintiff seeks, and is entitled to recovery, back pay, front pay in lieu of reinstatement, punitive damages, compensatory damages, and reimbursement of costs and attorney's fees.

### COUNT II - FMLA INTERFERENCE – 29 U.S.C. § 2615(a)(1)

37. Plaintiff hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint herein.

38. Precisely one week prior to the termination of her employment Plaintiff notified her supervisor of her upcoming need to take FMLA leave and requested FMLA leave forms.

39. Defendant interfered with Plaintiff's substantive legal rights under the FMLA to use medical leave for the birth of her child.

40. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

41. Defendant's denial of Plaintiff's substantive rights under the FMLA caused Plaintiff's termination of employment.

42. Defendant's actions interfered with Plaintiff's rights under the FMLA and were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the FMLA.

43. Plaintiff seeks, and is entitled to recover, back pay, front pay in lieu of reinstatement, liquidated damages, costs and attorney's fees.

### COUNT III - FMLA RETALIATION – 29 U.S.C. § 2615(a)(2)

44. Plaintiff hereby incorporates paragraphs one (1) through forty-three (43) of her Complaint herein.

45. Precisely one week prior to the termination of her employment Plaintiff notified her supervisor of her upcoming need to take FMLA leave and requested FMLA leave forms. Plaintiff's inquiry regarding FMLA leave and her request for leave forms are activities protected under the FMLA.

46. Defendant terminated Plaintiff in retaliation for having engaged in protective activity under the FMLA.

47. Defendant's actions were not in good faith and Defendant had no reasonable ground for believing that its treatment of Plaintiff was not in violation of the FMLA.

48. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected under the anti-retaliation provisions of the FMLA.

49. Plaintiff seeks, and is entitled to recover, back pay, front pay in lieu of reinstatement, liquidated damages, and reimbursement of her costs and attorney's fees.

## COUNT IV - PREGNANCY DISCRIMINATION IN VIOLATION OF LA. R.S. 23:342

50. Plaintiff hereby incorporates paragraphs one (1) through forty-nine (49) of her Complaint herein.

51. Defendant committed an unlawful employment practice in violation of La. R.S. 23:342(A)(1) by terminating Plaintiff's employment because of her pregnancy and / or because of her request to take maternity leave.

52. If, as Defendant has alleged, Plaintiff's job performance had been unsatisfactory (which Plaintiff denies) the Defendant treated Plaintiff differently from non-pregnant employees by failing to give her the same written notice and opportunity for correction that its policy provides and that has been given to non-pregnant employees. Treating Plaintiff differently because of her

pregnancy and / or her request for maternity leave is an unlawful employment practice that violates La. R.S. 23:342(A)(2)(b).

53. Plaintiff gave timely notice pursuant to La. R.S. 23: 303 (C).

54. When, as here, the Plaintiff has filed a timely charge of discrimination with the EEOC, the time period for the Plaintiff to file suit under the LEDL is extended from one year to 18 months. Plaintiff's complaint has been filed within the 18-month period from the date of termination of her employment. Pursuant to the provisions of La. R.S. 23: 303 (C), Plaintiff seeks, and is entitled to recover under the LEDL, back pay, front pay in lieu of reinstatement, compensatory damages, and reimbursement of costs and attorney's fees.

## VI. Requested Relief

WHEREFORE, Plaintiff, Shelby Webb Cox, requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment action(s), or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff liquidated damages;

4. Pay to Plaintiff compensatory damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest on all sums recoverable;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

8. Provide any further equitable relief this Court sees fit to grant.

        Respectfully submitted this 26th day of April, 2024

        DOWNER, JONES, MARINO & WILHITE
        401 Market Street, Suite 1250
        Shreveport, LA 71101
        Tel: 318-213-4444
        Fax: 318-213-4445
        e-mail: ajones@dhw-law.com

By:    s/Allison A. Jones
     Allison A. Jones, Bar No. 16990

ATTORNEY FOR PLAINTIFF SHELBY WEBB COX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **SHELBY WEBB COX,** | * | CIVIL ACTION NO. |
| Plaintiff. | * | |
| | * | |
| v. | * | JUDGE |
| | * | |
| **MIGNON FAGET, LTD.,** | * | |
| Defendant. | * | MAGISTRATE |
| | * | |
| | * | **JURY DEMAND** |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared SHELBY WEBB, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
SHELBY WEBB

SWORN TO AND SUBSCRIBED before me, Notary Public, this __26th__ day of April, 2024 in __Jefferson__ Parish, Louisiana.

_____ Elizabeth Trahan
NOTARY PUBLIC