UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| SHELBY WEBB COX, | * | CIVIL ACTION NO. 2:24-CV-01068 |
| Plaintiff. | * | |
| v. | * | CIV DIVISION, SECTION I |
| | * | |
| MIGNON FAGET, LTD., | * | JUDGE LANCE M. AFRICK |
| Defendant. | * | |
| | * | MAGISTRATE JUDGE NORTH |
| * | | JURY DEMAND |

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF MOTION IN LIMINE

**MAY IT PLEASE THE COURT:**

Defendant, Mignon Faget, Ltd., ("Defendant") files this Memorandum in Support of Motion in Limine seeking to exclude and/or limit testimony given in Plaintiff's deposition and in the four depositions of Mignon Faget current/former employees that took place on January 30, 2024, and January 31, 2024. The initial Scheduling Conference took place on August 20, 2024. This matter was set for trial six (6) months later. On November 24, 2024, a Settlement Conference was held. Following the unsuccessful settlement of the matter, the Parties filed a Joint Motion to Continue Trial Dates (Rec. Doc. 23). The motion was denied. Due to scheduling conflicts of Plaintiff's counsel, the Parties were not able to schedule Plaintiff's deposition until January 09, 2025, and the depositions of Defendant's employees until January 30, 2025, and January 31, 2025. While the Motion *in Limine* Deadline was January 29, 2025, Defendant respectfully requests that the delayed motion be heard as the majority of the testimony that forms the basis of the motion were heard following that deadline.

1

I.   Introduction: Applicable Law

"According to the Fifth Circuit, the purpose of a motion *in limine* is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Babin v. Plaquemines Parish*, 421 F. Supp. 3d 391, 396 (E.D.La. 10/25/2019).

Defendant respectfully moves this Court to limit/exclude components of deposition testimony that is irrelevant and highly prejudicial such that a timely motion to strike or instructions for the jury to disregard the testimony would not provide Defendant with relief.

A.   **Plaintiff's testimony about any overtime she believes to be entitled to and portion of Ex. 9 (SW 334-338) about Rachel getting overtime.**

In her Exhibit 9, the plaintiff includes an iPhone Note iterating certain dates that she believes she is due overtime pay. Shelby Webb Cox has never asserted a claim for overtime compensation claim in this litigation or in any other court in Louisiana. The Louisiana Wage Payment Act and the Fair Labor Standards Act provide adequate remedies for departing employees related to any claim for unpaid wages and unpaid overtime. The plaintiff was a manager, and an exempt employee. Nevertheless, Plaintiff has testified that she should have been entitled to overtime during the holiday season(s). This was not brought as a cause of action under the LWPA or FLSA. Plaintiff's position that she was not paid for hours she was required to perform as a salaried employee is not relevant to Plaintiff's claims. Further, Plaintiff opinion to wages she believes she is entitled, while not having brought a wage claim, is highly prejudicial and should be excluded from the testimony given in this litigation pursuant to Federal Rule of Evidence 403. By removing the background noise related to "overtime" the Jury will be more fully inclined to

focus on the causes of action brought in this lawsuit. (see *Jones v. Jasper Wyman Son*, 639 F.Supp.3d 192 (D.ME. 11/08/2022)).

  **B. Motion *in Limine* to Exclude Plaintiff's Testimony about other alleged "Wrongful Terminations" by Mignon Faget, Ltd."**

In Plaintiff's responses to Interrogatories, Plaintiff opined that a former Mignon Faget employee, Lorayne Bourgeois, was "wrongfully terminated." Lorayne Bourgeois never asserted any claim for "wrongful termination" before the EEOC, any Louisiana agency, or in any court. There has never been any determination by the EEOC, the State of Louisiana, or any court that Mignon Faget, Ltd. terminated Ms. Bourgeois in violation of any state or federal law. This information is hearsay and irrelevant. Even if it were determined to be relevant, Defendant submits that this information is highly prejudicial as provided for by Federal Rules of Civil Procedure 403.

In *MacArthur v. University of Tex. Health Ctr.*, 45 F.3d 890 (5th Cir. 1995), the Court granted Defendant's Motion in Limine to exclude testimony about "other retaliated employees."

  **C. Plaintiff's testimony that she had to have a C-section because of stress.**

On Page 192, Ln. 6 of the Deposition of Shelby Webb-Cox, Plaintiff testified that her baby was breach and she was required to have a Cesarean section and stated: "I have read that it could be due to stress." Defendant objects to any testimony regarding Plaintiff's C-section being the result of "stress." Plaintiff is not qualified to testify regarding the necessitation of a C-section per Federal Rule of Evidence 701 as it is not within the scope of her knowledge. The defendant would submit that an expert would be required to opine that a Cesarean section was the result of stress and a stress induced state.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. "Rule 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" (1) "the expert's scientific,

technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) "the testimony is the product of reliable principles and methods; and" (4) "the expert has reliably applied the principles and methods to the facts of the case." (*Tisdale v. Marquette Transp. Co., LLC. V.*, 2024 U.S. Dist. LEXIS 89026 (E.D.La. 05/07/2024). Plaintiff has offered no experts or expert testimony in this case to support her testimony that her need to have a C-section was due to stress.

### D. Exclusion of Profitability of Mignon Faget

The deposition of Nicholas Cope took place on January 30, 2025. During this deposition, Mr. Cope was asked about the gross profits of the company at the time of plaintiff was terminated and at the time of his departure from the Company in 2024. While Mr. Cope could not speak to the profitability of the Company, Defendant objects to any line of questioning as to the "profitability" of the Company. Such information is highly prejudicial per Federal Rule of Evidence 403 and irrelevant pursuant to Federal Rule of Evidence 401.

### E. Exclusion of the One Prior EEOC Complaint brought against Mignon Faget.

On January 30, 2024, Nicholas Cope was asked whether there had been any prior discrimination claims against Mignon Faget, Ltd. There is no evidence that the EEOC or any court has ever found or determined that Mignon Faget, Ltd. ever violated Federal or State law and any testimony of an unfounded EEOC charge is irrelevant under Federal Rule of Evidence 401 and highly prejudicial under Federal Rule of Evidence 403.

**II.     Conclusion**

      For the reasons stated more fully herein, Defendant respectfully requests that this Court grant Defendant's Motions *in Limine* as to this testimony.

          STERNBERG, NACCARI & WHITE, LLC

          By:   */s/ Chelsea B. Cusimano*
              M. Suzanne Montero, La. Bar # 21361
              Grahan H. Williams, La. Bar #36731
              Scott L. Sternberg, La. Bar #33390
              Chelsea B. Cusimano, La. Bar #34857
              935 Gravier Street, Suite 1800
              New Orleans, LA 70112
              Tel: (504) 324-2141
              Fax: (504) 534-8961
              suzy@snw.law | graham@snw.law |
              scott@snw.law |chelsea@snw.law
              ***ATTORNEYS FOR DEFENDANT***