UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELBY WEBB COX                                              CIVIL ACTION

VERSUS                                                       No. 24-168

MIGNON FAGET, LTD                                            SECTION I

### JURY VERDICT FORM

### QUESTION NO. 1

Did Mignon Faget deny, restrain, or interfere with Shelby Cox's ("Ms. Cox") right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA?

✓ YES  ___ NO

*Proceed to Question No. 2.*

1

## QUESTION NO. 2

Has Ms. Cox proved that her taking FMLA leave was a motivating factor in Mignon Faget's decision to terminate her employment?

  ✓   YES       NO

*If you answered "Yes" to Question No. 2, then proceed to Question No. 3. If you answered "No" to both Questions No. 1 and No. 2, then proceed directly to Question No. 6. If you answered "Yes" to Question No. 1 but "No" to Question No. 2, then skip Question No. 3 and proceed directly to Question No. 4.*

## QUESTION NO. 3

Has Mignon Faget proved that it would have made the same decision to terminate Ms. Cox's employment even if it had not considered her taking FMLA leave?

      YES   ✓   NO

*If you answered "Yes" to Question No. 1, then proceed to Question No. 4 regardless of your answer to Question to No. 3. If you answered "No" to Question No. 1 and "No" to Question No. 3, then proceed to Question No. 4. If you answered "No" to Question No. 1 and "Yes" to Question No. 3, then proceed directly to Question No. 6.*

## QUESTION NO. 4

What sum of money would fairly and reasonably compensate Ms. Cox for the damages, if any, you have found Mignon Faget to have caused her either by interfering with Ms. Cox's FMLA leave or by retaliating against Ms. Cox for taking FMLA leave?

Answer for the following items and no others: gross wages or salary denied or lost from February 16, 2023 to the date of your verdict:

$ 92,000

*Proceed to Question No. 5.*

## QUESTION NO. 5

What sum of money, if any, is the amount by which Ms. Cox's damages could have been reduced through her reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment from February 16, 2023, to the date of your verdict.

$ 39,500

*Proceed to Question No. 6.*

## QUESTION NO. 6

Has Ms. Cox proved that her pregnancy was a motivating factor in Mignon Faget's decision to terminate her employment?

__✓__ YES  ____ NO

*If you answered "No" to Question No. 6, then proceed to the end of the jury verdict form, sign and date it, and return it to the Court Security Officer. If you answered "Yes" to Question No. 6, proceed to Question No. 7.*

## QUESTION NO. 7

Has Mignon Faget proved that it would have made the same decision to terminate Ms. Cox's employment even if it had not considered her pregnancy?

____ YES  __✓__ NO

*If you answered "Yes" to Question No. 7, then proceed to the end of the jury verdict form, sign and date it, and return it to the Court Security Officer. If you answered "No" to Question No. 7, proceed to Question No. 8.*

4

## QUESTION NO. 8

What sum of money would fairly and reasonably compensate Ms. Cox for the damages, if any, you have found Mignon Faget to have caused Ms. Cox by discriminating against Ms. Cox because of her pregnancy? Answer for the following items and none other:

1. Past and future pain and suffering, past and future inconvenience, past and future mental anguish, as well as past and future loss of enjoyment of life.

$ __4,050__

2. Gross wages and salary from February 16, 2023, to the date of your verdict. If you answered Question No. 4, then you should provide the same amount in response to this question that you provided in response to Question No.4.

$ __92,000__

*If you found that Ms. Cox sustained damages in response to Question No. 8, then proceed to Question No. 9. If you found that she did not sustain damages in response to Question No. 8, then proceed to Question No. 10.*

## QUESTION NO. 9

What sum of money, if any, is the amount by which Ms. Cox's damages from lost wages and salary could have been reduced through her reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment from February 16, 2023 to the date of your verdict. If you answered Question No. 5, then you should provide the same amount in response to this question that you provided in response to Question No. 5.

$ __39,500__

*Skip Question No. 10 and proceed to Question No. 11.*

## QUESTION NO. 10

What sum of money, if any, should be awarded to Ms. Cox as nominal damages?

$ _____

*Proceed to Question No. 11.*

5

## QUESTION NO. 11

Do you find that Ms. Cox should be awarded punitive damages?

✓ YES ____ NO

*If you answered "No" to Question No. 11, then proceed to the end of the jury verdict form, sign and date it, and return it to the Court Security Officer. If you answered "Yes" to Question No. 11, proceed to Question No. 12.*

## QUESTION NO. 12

What sum of money should be assessed against Mignon Faget as punitive damages?

$ 100,000

\* \* \*

*The jury foreperson should sign and date this form and hand it to the Court Security Officer.*

New Orleans, Louisiana, February 21, 2025.

[signature redacted]

**JURY FOREPERSON**