UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELBY WEBB COX                                         CIVIL ACTION

VERSUS                                                  No. 24-1068

MIGNON FAGET, LTD                                       SECTION I

ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff Shelby Webb Cox ("plaintiff") for liquidated damages pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2617(a)(1)(A)(iii). Defendant Mignon Faget, Ltd. ("defendant") filed a response in opposition.[2] For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

Defendant terminated plaintiff's employment on February 16, 2023.[3] Plaintiff thereafter filed a complaint that alleged several causes of action: pregnancy discrimination in violation of Title VII, 42 U.S.C. § 2000e-2; pregnancy discrimination in violation of Louisiana Revised Statute § 23:342; FMLA interference in violation of 29 U.S.C. § 2615(a)(1); and FMLA retaliation in violation of 29 U.S.C. § 2615(a)(2).[4]

---

[1] R. Doc. No. 68. Since the original briefing in connection with the instant motion did not cite to the trial transcript, the Court ordered the parties to file supplemental memoranda with appropriate citations. *See* R. Doc. No. 79. In compliance with the Court's order, the parties filed supplemental memoranda with appropriate citations. *See* R. Doc. No. 88 (plaintiff's supplemental memorandum in support). For ease and simplicity, the Court will cite only to the supplemental memoranda.
[2] R. Doc. No. 70; R. Doc. No. 91 (supplemental opposition).
[3] R. Doc. No. 1, ¶ 20.
[4] *See id.* at 5–8.

Plaintiff's prayer for relief included damages for back pay and benefits, compensatory damages, and punitive damages.[5]

After a four-day trial,[6] the jury returned a verdict in favor of plaintiff on all claims.[7] With respect to her FMLA damages, the jury found that plaintiff sustained $92,000 of damages in back pay.[8] However, the jury also found that plaintiff's damages for back pay should be reduced by $39,500 for plaintiff's failure to mitigate.[9] In total, the jury awarded plaintiff $52,500 in back pay.

The Court thereafter issued an order and reasons granting in part and denying in part defendant's renewed motion for judgment as a matter of law.[10] Relevant here, the Court denied the motion with respect to the plaintiff's claims for FMLA interference and FMLA retaliation.[11] However, the Court reduced the back-pay award to $10,096.15.[12]

## II. STANDARD OF LAW

Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), an employee who has suffered a violation of her FMLA rights may recover liquidated damages. The amount of liquidated damages is equal to the amount of compensation that the employee lost by reason of the FMLA violation plus interest at the prevailing rate. *See*

---

[5] *See id.* at 8–9.
[6] *See* R. Doc. Nos. 58–61.
[7] R. Doc. No. 63.
[8] *Id.* at 3.
[9] *Id.*
[10] R. Doc. No. 98.
[11] *Id.* at 18–20.
[12] *Id.* at 25.

§ 2617(a)(1)(A)(iii). However, if an employer that has committed an FMLA violation "proves to the satisfaction of the court" that its violation "was in good faith and that the employer had reasonable grounds for believing" that its actions would not violate the FMLA, the Court may, in its discretion, reduce the award of liquidated damages to which the employee would otherwise be entitled. *See id.*

Awarding the full amount of liquidated damages is "the norm under the FMLA." *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). "The good faith defense is an exceptional one, and the defendant faces a substantial burden to prove it is properly invoked." *Landgrave v. ForTec Med., Inc.*, 581 F. Supp. 3d 804, 816 (W.D. Tex. 2022) (internal quotation marks and citation omitted). "Although the FMLA does not define 'good faith,' courts have held that to establish good faith, an employer should demonstrate that it took active steps to ascertain the dictates of the FMLA and attempted to comply with the statute." *Martin v. Penske Logistics, LLC*, No. 23-cv-0574, 2025 WL 1223565, at *4 (N.D. Tex. Apr. 28, 2025) (cleaned up) (citation omitted). "Good faith requires some duty to investigate potential liability; and an employer cannot rely on ignorance alone as reasonable grounds for believing that its actions were not in violation of the [FMLA]." *Landgrave*, 581 F. Supp. 3d at 816 (cleaned up) (citation omitted). "Courts should consider whether an employer had a subjective intent to comply with the FMLA and whether it acted objectively reasonable in its application of the FMLA." *Martin*, 2025 WL 1223565, at *4 (internal quotation marks and citation omitted).

"Even assuming that [the employer] acted in good faith, the decision to award liquidated damages is still within the discretion of the trial court." *Nero*, 167 F.3d at 929. "The district court's discretion to reduce the liquidated damages must be exercised consistently with the strong presumption under the statute in favor of" awarding the full amount of liquidated damages. *See id.*

### III. ANALYSIS

Upon review of the motion, the opposition, and the record, the Court finds that plaintiff is entitled to the full amount of liquidated damages. Each of defendant's arguments fails to carry defendant's burden to demonstrate good faith and reasonable belief.

First, defendant argues that it acted in good faith because Nicholas Cope ("Cope"), defendant's CFO during the relevant time period, consulted legal counsel.[13] However, such testimony is to the effect that Cope consulted legal counsel when he was preparing the severance agreement.[14] Consulting legal counsel after the decision to terminate plaintiff was made does not establish that the defendant acted in good faith when it decided to terminate plaintiff's employment.[15]

---

[13] R. Doc. No. 91, at 3–5.
[14] Day 2 Trial Tr. 145:14–145:18.
[15] The case on which defendant principally relies, *Hill v. J. C. Penney Co.*, 688 F.2d 370 (5th Cir. 1982), is distinguishable. There, the employer's challenged policy "was taken on the advice of counsel." *See id.* at 375. To the contrary, the evidence shows that Cope consulted legal counsel after the decision to terminate plaintiff's employment was made and that Cope consulted legal counsel with respect to the severance agreement rather than as to whether defendant could terminate plaintiff's employment consistently with the FMLA.

4

Second, defendant argues that it acted in good faith when it terminated plaintiff's employment because it did so for legitimate business reasons.[16] The Court has already rejected this argument when it denied defendant judgment as a matter of law with respect to plaintiff's FMLA claims.[17] To reiterate, there is substantial evidence that defendant terminated plaintiff in retaliation for exercising her FMLA rights rather than for a legitimate business reason.[18]

Third, defendant argues that plaintiff is not entitled to recover both punitive damages in connection with her Title VII claim for pregnancy discrimination and liquidated damages in connection with her FMLA claims.[19] Defendant reasons that allowing defendant to recover both punitive damages and liquidated damages would constitute an impermissible double recovery.[20] Defendant cites not a single case in support of this contention.[21] Defendant's lack of authority is indicative of the extent to which its argument is plainly meritless.

Although this lawsuit concerns a single act—defendant's termination of plaintiff's employment—that act incurred several distinct harms. It violated both plaintiff's right not to be discriminated against because of her pregnancy pursuant to Title VII and her rights pursuant to the FMLA. Accordingly, the punitive damages awarded pursuant to Title VII and the liquidated damages awarded pursuant to the

---

[16] R. Doc. No. 91, at 5–8.
[17] R. Doc. No. 98, at 16–20.
[18] *See id.*
[19] R. Doc. No. 91, at 9.
[20] *See id.*
[21] *See id.*

FMLA concern different rights protected by different statutes. *Atchley v. Nordam Grp., Inc.*, 180 F.3d 1143, 1151–52 (10th Cir. 1999) ("The misconduct under Title VII was against Ms. Atchley in comparison to non-pregnant employees, whereas the misconduct under the FMLA was for failing to comply with the statutory mandate of restoring Ms. Atchley to her prior position."). Since the awards concern distinct harms, the award of both does not constitute an impermissible double recovery. *Atchley*, 180 F.3d at 1151–52; *cf. Miller v. Raytheon Co.*, 716 F.3d 138, 147 (5th Cir. 2013) (holding that the award of punitive damages pursuant to one statute and the award of liquidated damages pursuant to another did constitute an impermissible double recovery because both statutes protect against age discrimination).

Fourth and finally, defendant argues that plaintiff failed to mitigate her back-pay damages, for which reason the issue of liquidated damages is immaterial.[22] When it denied defendant's renewed motion for judgment as a matter of law, the Court rejected defendant's argument that plaintiff was not entitled to any back pay.[23] However, the Court did reduce plaintiff's back-pay award to $10,096.15.[24] Accordingly, that is the relevant amount for calculating the liquidated damages award.

Having determined that defendant has not proven its good-faith defense, the Court turns to address a dispute between the parties regarding the applicable

---

[22] *Id.* at 9–10.
[23] R. Doc. No. 98, at 21–22.
[24] *Id.* at 25.

6

interest rate. Plaintiff contends that Louisiana law governs the interest rate because the Court is exercising supplemental jurisdiction over plaintiff's state-law claim.[25] Defendant argues that the federal prime rate applies.[26] The Court agrees with defendant.

"Most district courts apply the current prime rate published by the Federal Reserve System Board of Governors as the appropriate pre-judgment interest rate in FMLA cases." *Stanton v. Jarvis Christian Coll.*, No. 18-cv-479, 2020 WL 5269439, at *1 (E.D. Tex. Aug. 27, 2020); *see also Felix v. Mary Kay, Inc.*, No. 20-cv-0683, 2023 WL 11957492, at *1 (N.D. Tex. Aug. 29, 2023). Accordingly, the Court will apply the federal prime rate even though there is a state-law claim in this case. *Accord Stanton*, 2020 WL 5269439, at *1 (applying the federal prime rate even though the case also involved a state-law claim). The Court will award plaintiff prejudgment at the federal prime rate from the date on which plaintiff's employment was terminated (February 16, 2023) to the date of judgment. *Accord id.*; *Felix v. Mary Kay, Inc.*, 2023 WL 11957492, at *1; *see also Thomas v. Tex. Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th

---

[25] R. Doc. No. 88, at 2–3. The case on which plaintiff relies, to *5G Studio Collaborative, LLC v. Dallas Uptown Hosp., LLC*, No. 15-cv-2719, 2017 WL 4750697 (N.D. Tex. Oct. 20, 2017), is inapposite. There, the Court applied state law to determine the prejudgment interest rate with respect to a state-law claim over which the court exercised supplemental jurisdiction. *See id.* at *2. Contrarily, the instant motion concerns the prejudgment interest rate with respect to a federal claim over which this Court has original jurisdiction.
[26] R. Doc. No. 91, at 2.

Cir. 2002) ("District courts generally should calculate interest on back pay and past damages based on the date of the adverse employment action.").[27]

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **GRANTED**. The Court will award plaintiff $10,096.15 in liquidated damages pursuant to the FMLA plus interest at the federal prime rate from February 16, 2023 to the date of entry of judgment,

New Orleans, Louisiana, July 7, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[27] The Court notes that, in its motion, defendant does not ask this Court to depart from the general rule and award prejudgment interest from a date other than the date of plaintiff's termination. *See id.*